Mr. Justice Colcock
delivered the opinion of the court:
On the first ground, little need be said. There is no one of the essential characteristics of a copartnership to be found in the contract. There was not a mutual interest in the capital, aud no stipulation for mutual loss. It was a mere contract for hire to carry goods Ip a certain place, and bring back a return load.
On the second ground it is conceived that the consider* *423 •ation is well slated, even adn.itíirg that ¡be receipt of live order formed no part of the consideration, the in sc of it in the declaration, together with the true consideration, would not vitiate it. In 1 Chilly, (2(>Z-G,) it is laid down that the whole of the consideration of the defendant’s contract must be stated, and where a part oi'a consideration, or one of several considerations is frivolous and void, it is sufficient to notice only the valid consideration ; though if stated, it will not vitiate the declaration.
Miller, for the motion.
Huntington, contra.
The third ground cannot avail the defendant, for it .c>pears on examination that the declaration contains every material part, and almost every word of the ’ontn.ct.
The fact alluded to in the first ground for a new trial, which it is conceived was not sufficiently proved, was, that three thousand weight of coffee had been received. — ■ Now, the letter introduced did not say in so many v.ewis that 3000 weight had been received ; but it is said ti c order had been presented, and “the yofTee received,which can admit of no other construction than that 3000 weight bad been received, the order being for that quantity.
On the last ground, as to damages, it is clear from the testimony adduced, that a loss to a greater amount than the sum found by the verdict had been sustained by thr. plaintiff independent of the loss of his coffee;
The motion is dismissed.
Justices Richardson, Huger, Noil and Johnson, concurred.